Citation Nr: 1761227 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-19 507 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

M. J. In, Counsel


INTRODUCTION

The Veteran served on active duty from January 1969 to January 1971.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico, which granted service connection for posttraumatic stress disorder (PTSD) and assigned an initial rating.

In November 2014, the Board found that a claim for TDIU was raised based on, in part, the Veteran's service-connected PTSD. See Rice v. Shinseki, 22 Vet. App. 447, 4554 (2009). The Board remanded the issue for additional development.

By an August 2015 written statement, the Veteran withdrew the power of attorney in favor of Disabled American Veterans. He currently has no active power of attorney and is unrepresented in the matter currently before the Board.


FINDING OF FACT

The Veteran's service-connected disabilities do not render him unable to secure or follow a substantially gainful occupation.


CONCLUSION OF LAW

The criteria for a TDIU have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. 
§§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Total disability is considered to exist when the evidence shows that the Veteran is precluded, by reason of his service-connected disabilities, from obtaining and maintaining substantially gainful employment consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017). TDIU benefits are granted only when it is established that the service-connected disabilities are so severe, standing alone, as to prevent the retention of substantially gainful employment. 38 C.F.R. § 4.16(a). If there is only one disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

In this case, service connection has been in effect for posttraumatic stress disorder (PTSD) rated as 50 percent disabling, right wrist disability rated as 20 percent disabling, diabetes mellitus type II rated as 20 percent disabling, peripheral neuropathy of the right lower extremity rated as 20 percent disabling, peripheral neuropathy of the left lower extremity rated as 20 percent disabling, tinnitus rated as 10 percent disabling, gastritis and duodenitis rated as 10 percent disabling, carpal tunnel syndrome rated as 10 percent disabling, malaria rated as non-compensable, and bilateral hearing loss rated as 10 non-compensable. Thus, he meets the minimum schedular requirements for a TDIU under 38 C.F.R. § 4.16(a).

However, for the Veteran to prevail on his claim for TDIU, the record must reflect that he is precluded from engaging in substantially gainful employment consistent with his education and occupational experience, due solely to his service-connected disabilities. The sole fact that the Veteran is unemployed or has difficulty obtaining or following employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether she can find employment. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). Advancing age, any impairment caused by conditions that are not service-connected, and prior unemployability status must be disregarded when determining whether a veteran currently is unemployable. 38 C.F.R. § 4.16(a).

Here, on his TDIU application (VA Form 21-8940), dated and received in October 2013, the Veteran indicates that his service-connected ulnar impairment, inflammation, sciatic nerve, PTSD, diabetes mellitus, and ulcer prevent him from securing or following any substantially gainful occupation. The Veteran indicated that he last worked at a hotel as a maintenance manager in 1995 when he became too disabled to work. He also indicated that he had a 12th-grade education and that he had not gone to college. 

In a June 2016 VA Form 21-4192, Request for Employment Information, the Veteran's former employer indicated that the Veteran last worked in maintenance in December 1992. 

A January 2008 VA psychiatric progress note states that the Veteran's PTSD condition remained stable and manageable on an ambulatory basis. 

A June 2009 VA joints examination shows the Veteran's complaint of constant right wrist pain which had been getting worse after carpal tunnel release in 2004. He complained of right wrist pain and decreased range of motion. The examiner found that the right wrist disability had moderate effects on chores, shopping, recreation, traveling, feeding, bathing, dressing, toileting, grooming, and driving and prevented him from exercise and sports.

A September 2009 VA examiner found that the Veteran's gastritis and duodenitis had no effects on the Veteran's usual daily activities.

In April 2010, a VA physician provided an opinion that based on history, findings at physical examination and radiological studies and considering only the Veteran's right wrist fracture condition, the Veteran was able to obtain and maintain a job requiring semi-sedentary duty work with certain restrictions, such as not to perform excessive repetitive movements with the right hand. Ergonomic evaluation at work was recommended. The examiner noted the Veteran's job until the year 1995 as a hotel supervisor required minimal writing activities, minimal use of the computer, and minimal repetitive use of the right hand. As per the Veteran, he retired from his work due to low back condition, not right wrist condition.

VA audiology and ear disease examination reports dated April 2010 state the Veteran's bilateral high frequency hearing loss and tinnitus did not have a significant effect on his normal occupational environment, as reported by the Veteran, but only some mild hearing difficulty with group conversation and enjoyment of radio and television. 

A September 2010 VA examination report reflects the Veteran's history of diabetes mellitus, type 2, diagnosed in April 2010. He reported he was started on medication and he had been suffering from loss of sensation in the lower extremities.

A March 2014 VA elbow and forearm conditions examination report notes the Veteran's report of flare-ups upon repetitive motion regarding his right styloid fracture (wrist joint). The examiner opined that the Veteran's right wrist disability did not preclude him from gainful employment as his injury was at the wrist joint.

In a March 2014 VA diabetic sensory-motor peripheral neuropathy examination, the Veteran reported constant pain, intermittent pain, paresthesias and/or dysesthesias, and numbness that was mild in the bilateral upper extremities and was moderate in the bilateral lower extremities. He had incomplete paralysis in both lower extremities that was found to be moderate in nature. The examiner provided an opinion that the Veteran's peripheral neuropathy condition did not preclude him for gainful employment as the Veteran was able to ambulate without assistive devices.

A March 2014 VA PTSD examination report found that the Veteran had occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by medication, with regard to his PTSD diagnosis. The examiner, however, opined that the Veteran's mental condition did not render him unable to obtain or sustain a substantially gainful employment as the reason for his retirement from former job was an injury to his low back in 1992.

A March 2014 VA wrist conditions examination report notes the Veteran's report of flare-ups upon repetitive motion regarding his right styloid fracture. The examiner opined that the Veteran's right wrist disability did not preclude him from gainful employment if a sedentary job is contemplated.

A March 2014 VA diabetes mellitus examination report noted that the Veteran did not require regulation of activities as part of medical management of his diabetes. The examiner found that the Veteran's diabetes did not interfere with his ability to obtain full time employment.

A March 2014 VA stomach and duodenal conditions examination report noted that the Veteran's condition has been stable with current treatment. He had no incapacitating episodes due to the stomach condition. The examiner found that the Veteran's gastritis and duodenitis did not interfere with his ability to obtain a full time employment.

A March 2014 VA kidney conditions examination report noted that the Veteran's diabetic nephropathy did not require regular dialysis and he did not have any signs or symptoms due to renal dysfunction. The examiner found that the Veteran's kidney condition did not impact his ability to work.

After carefully reviewing the pertinent evidence of record, the Board finds that the most probative evidence does not reflect that the Veteran is unable to secure or follow a substantially gainful occupation due to his service-connected disabilities.

In arriving at this conclusion, the Board recognizes that the Veteran's service-connected disabilities have significant impacts on his occupational functioning. To that effect, the June 2009, April 2010, and March 2014 VA examiners agreed that the Veteran's right wrist disability would not allow him to engage in jobs requiring excessive repetitive movement of the right hand. The March 2014 VA PTSD examination report shows that the Veteran has occupational impairment due to mild or transient PTSD symptoms which would decrease work efficiency and ability to perform occupational tasks only during periods of significant stress. The April 2010 VA examiner also indicates that the Veteran would have difficulty hearing and understanding group conversations.

The foregoing evidence supports that the Veteran is restricted in employment requiring repetitive movement of the right hand, and has difficulty working under stress and hearing group conversations due to his hearing loss disability. 

Nevertheless, the medical evidence of record does not show that the Veteran is unemployable due solely to his service-connected disabilities. Specifically, the April 2010 VA physician provided an opinion that based on history, findings at physical examination and radiological studies and considering only the Veteran's right wrist fracture condition, the Veteran was able to obtain and maintain a job requiring semi-sedentary duty work with certain restrictions, such as not to perform excessive repetitive movements with the right hand. In particular, it was noted the Veteran's job until his retirement in 1995, as a hotel supervisor, required minimal writing activities and minimal use of the computer, minimal repetitive use of the right hand. As per the Veteran, he retired from his work due to a low back injury.

This opinion was rendered by a physician who thoroughly reviewed the Veteran's claims file and conducted a comprehensive clinical examination of the Veteran. There is no contradicting medical opinion of record, and it is consistent with the other clinical evidence of record. Therefore, the Board attaches significant probative value to the April 2010 VA examiner's opinion. 

Other than the right wrist disability, the Veteran's other service-connected disability, including PTSD, diabetes mellitus and its associated peripheral neuropathy and nephropathy, hearing loss and tinnitus, gastrointestinal disability, and malaria do not appear to have significant impact on his ability to work, as evidenced by the March 2014 VA examinations. Although his diabetic neuropathy causes constant pain and numbness in both upper and lower extremities, the March 2014 found that the Veteran's peripheral neuropathy condition did not preclude him for gainful employment as he was still able to ambulate without assistive devices.

The Board considered the Veteran's recent report that his service-connected ulnar impairment, inflammation, sciatic nerve, PTSD, diabetes mellitus, and ulcer, acting in combination, prevent him from securing or following substantially gainful employment. See VA Form 21-8940, dated October 2013. However, these statements are contradicted by his records from the SSA and his former employer that he retired following a low back injury at work. To that effect, in the June 2016 VA Form 21-4192, the Veteran's former employer indicated that the Veteran's employment was terminated due to lumbar strain, left knee, back pain, chronic dizziness and poor balance, and left shoulder disabilities. 

Further, in an August 2009 statement, the Veteran indicated that he was found disabled by the SSA due to his back and mental conditions, and maintained that he sustained a low back injury as a result of a combination of his service-connected right wrist disability and PTSD. However, this theory of causation was rejected by VA and the RO denied service connection for a low back disability in a January 2010 rating decision.

Although the Veteran is competent to report observable symptoms he experiences, as a lay person he is not competent to provide a medical opinion concerning whether he is unable to work due to his service-connected disabilities. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Consequently, the Board finds the Veteran's statements concerning his unemployability due to service-connected disabilities to be less probative than the VA examinations and treatment records of record.

As such, the most probative evidence of record does not establish that the Veteran was unable to secure or follow substantially gainful employment, consistent with his educational and occupational experience, due to his service-connected disabilities. The Board notes that the Veteran has a high school education. The record contains no evidence that the Veteran would be unable to secure and maintain substantially gainful sedentary employment. Accordingly, a TDIU is not warranted.

As the preponderance of the evidence is against entitlement to a TDIU, the doctrine of reasonable doubt is not for application. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56.



ORDER

Entitlement to a TDIU is denied.



____________________________________________
LANA K. JENG
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs